PATTERSON, Judge.
The appellant, Willie Fred Frazier, pleaded guilty, pursuant to a plea bargain agreement, to the unlawful possession of cocaine, a violation of § 13A-12-212, Code of Alabama 1975. He'was sentenced to 15 years’ imprisonment as a habitual offender. He was ordered to serve 15 months’ imprisonment, and the balance of the sentence was suspended, conditioned upon his serving a five-year probation. He appeals, raising two issues.
The appellant first contends that the trial court erred in failing to grant his pretrial motion to suppress the cocaine seized from his person on the ground that the seizure was the result of an unlawful search. This issue, however, is not before us for review because the cocaine was not introduced into evidence during the guilty plea proceedings, and the appellant did not reserve the right to appeal the adverse ruling of the trial court on the appellant’s motion to suppress.
Second, the appellant contends that the trial court erred by failing to inform him of certain of his constitutional rights prior to accepting his guilty plea. The record of the proceedings below shows that, before accepting the guilty plea, the trial court failed to inform the appellant of his privilege against compulsory self-incrimination as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[1] Because he was not informed of this right prior to entering his guilty plea, his plea was not knowingly, voluntarily, and intelligently given. Consequently, we reverse the judgment of conviction and remand the case to the trial court with directions to set aside the appellant’s guilty plea and the resulting conviction and to restore the case to the docket for appropriate disposition.
REVERSED AND REMANDED.
All Judges concur.

. For the trial court’s guidance in accepting guilty pleas, we direct the court’s attention to A.R.Cr.P. 14.4.